```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

ORSON M. LEIBENGUTH and
BRENDA LEIBENGUTH,

                    Plaintiffs,          08-CV-6008

      v.                           **DECISION
                                              and ORDER**

UNITED STATES OF AMERICA, et. al.,

                    Defendants.

## INTRODUCTION

Plaintiffs Orson M. Leibenguth ("Leibenguth" or "plaintiff") and his wife Brenda Leibenguth bring this action pursuant to the Federal Tort Claims Act, the Freedom of Information Act, the Privacy Act, and 42 U.S.C. § 1983 claiming that the defendants violated several of their federal, constitutional and civil rights, and caused emotional harm in connection with plaintiffs' requests for Leibenguth's medical records from the United States Department of Veterans Affairs (the "VA"). Specifically, plaintiffs claim that Leibenguth's request for his medical records from the VA was delayed, and that as a result of the delay, he was denied medical benefits. Although plaintiff acknowledges that he eventually received the benefits he sought, he claims that the delay in receiving the information he sought caused him emotional harm.

Defendants deny plaintiffs' claims, and move to dismiss the Amended Complaint on grounds that this court lacks subject matter

jurisdiction over some claims, and that plaintiff has failed to state a cause of action with respect to the remaining claims. Plaintiff opposes defendants motion, and seeks permission to file a Second Amended Complaint to allege an additional cause of action pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). For the reasons set forth below, I grant defendants' motion to dismiss.

<u>BACKGROUND</u>

Plaintiff Orson M. Leibenguth is a Vietnam War veteran who is currently receiving 100% disability benefits from the VA. Sometime prior to February, 2004, plaintiff was diagnosed with cancer of the right tonsil. On February, 3, 2004, Leibenguth filed a claim with the VA to have the condition deemed service related, due to exposure to Agent Orange while in Vietnam.

Plaintiff's claim for benefits was denied in November, 2004. Following the denial, plaintiff requested a hearing before a Direct Review Officer, which was scheduled for July 13, 2005. Leibenguth also filed a request for his medical records in the custody of the VA. The VA acknowledged plaintiff's request for records, and in a letter dated November 24, 2004, indicated that it would respond to the request within 30 days. On December 28, 2004, plaintiff, who had still not received the records, made a second request for the records. On March 23, 2005, plaintiff made a third request for his

records. In response, the VA stated that records had been sent to plaintiff in October, 1998.

On April 2, 2005, plaintiff made a fourth request for records, noting that he was requesting records generated after October 1998. He thereafter drove to the VA offices to review his records in person, but was prohibited from doing so because he did not have an appointment. On June 9, 2005, plaintiff made a fifth request for records.

On July 13, 2005, plaintiff attended his hearing before the Direct Review Officer. At the hearing, plaintiff protested that he was not fully prepared because he had not yet received his medical records from the VA. Two days later, on July 15, 2005, plaintiff was allowed to access his records.

On July 21, 2005, plaintiff requested a new hearing on grounds that he had not had access to his medical records prior to the hearing. By letter dated August 4, 2005, the VA denied plaintiff's request, but indicated that if the plaintiff's claim was denied, the VA would immediately schedule a new hearing. On September 12, 2005, plaintiff's claim was denied. According to the plaintiff, however, the VA did not schedule a new hearing. According to the defendant, a new hearing was not scheduled because plaintiff had elected to appeal the denial of his claim, and also chose to pursue political remedies with the assistance of his local Congressional Representative. Although not set forth in the Amended Complaint, it

is uncontroverted that the plaintiff did prevail on his claim, and was awarded coverage for his condition. Accordingly, while plaintiff does not seek damages for the denial of his claim, he does seek two million dollars in damages for the almost six-month delay in gaining access to his medical records.

DISCUSSION

I.  Defendants' Motion to Dismiss

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of the Complaint where the Court lacks subject matter jurisdiction over the dispute. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of the Complaint where the plaintiff has failed to state a claim upon which relief can be granted. When evaluating a Rule 12(b)(6) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief. Ferran v. Town of Nassau, 11 F.3rd 21, 22 (2d Cir. 1993), cert. denied, 513 U.S. 1014 (1994). The court may grant a Rule 12(b)(6) motion only where "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

II.  Section 1983 and Bivens Claims

Plaintiffs concede that they may not pursue a Section 1983 claim against the defendants, and ask the court for permission to amend the complaint to add a cause of action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which generally allows an individual to sue federal officials for money damages arising from a violation of the individual's constitutional rights.  Pursuant to Bivens, an individual may only sue the official or officials responsible for the alleged constitutional violation, but may not sue the agency for which the official works.  F.D.I.C. v. Meyer, 114 S.Ct. 996, 1006 (1994).  However, an individual official of a government agency may not be liable under Bivens where Congress has "clearly expressed its intent to preclude" plaintiffs "from attempting to supplement statutory remedies ... with separate suits at equity," Dotson v. Griesa, 398 F.3d 156, 182 (2d Cir.2005).  In this case, the plaintiff's have statutory remedies available to them in the form of the Veterans' Judicial Review Act, which the Second Circuit has held precludes the filing of a Bivens action against VA employees.  Sugrue v. Derwinski, 26 F.3d 8, 11-13 (2d Cir., 1994).  Accordingly, I decline to grant plaintiff's request to amend for purposes of adding a cause of action based on Bivens.

III. Privacy Act Claims

The Privacy Act provides in relevant part that:

> Whenever any agency . . . refuses to comply with an individual request [for records] under subsection (d)(1) of this section . . . [or] fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual . . . the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

5 U.S.C. § 552(a)(g)(1). A cause of action under the Privacy Act must be brought within two years of the time that plaintiff "knew or should have known of the initial Privacy Act violation." Baker v. U.S., 943 F.Supp. 270, 273 (W.D.N.Y., 1996); 5 U.S.C. § 552(a)(g)(5).

In the instant case, despite the fact that plaintiff ultimately received the benefits he sought, he claims that he was denied a benefit based on the VA's failure to disclose his medical records in a timely fashion. Plaintiff, however, became aware of the denial of benefits on September 12, 2005, and therefore, the statute of limitations began to run on that date.[1] Accordingly, plaintiff would have been required to file his Complaint on or before September 12, 2007. Because plaintiff did not file the instant case until January 7, 2008, I find that the claim is untimely, and I therefore grant

---

[1] It is not possible to run the statute of limitations period from the date of the final denial of benefits, as plaintiff was ultimately awarded benefits, and therefore no such date exits.

defendants' motion to dismiss plaintiffs' causes of action under the Privacy Act.

Plaintiff contends, however, that an alternative limitations period applies which runs from the date on which the plaintiffs discovered alleged misrepresentations made by the defendants regarding whether or not they would schedule a new hearing for him. See Plaintiff's Memorandum in opposition to Defendant's Motion to dismiss at p. 6. According to the plaintiffs, these misrepresentations were discovered at a meeting in September, 2006, when the defendants allegedly refused to reconsider plaintiff's claims.

While it is true that the statute of limitations runs from the date of a misrepresentation "where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this section . . . ." In the instant case, plaintiffs have failed to allege that the complained-of misrepresentation (regarding if and when a rehearing would be scheduled) had anything to do with the establishment of the agencies' liability to him. Because the alleged misrepresentation was made with respect to when a rehearing would be held, and did not pertain to information required to be disclosed under the Privacy Act,

plaintiffs have failed to establish that the alternative statute of limitations period applies.

    IV.  <u>Tort Claims Act</u>

Pursuant to the Tort Claims Act, plaintiffs allege that the defendants either intentionally or negligently caused them emotional harm. As an initial matter, before filing an action pursuant to the Tort Claim Act, a plaintiff must first file a notice of claim with the government. <u>McNeil v. United States</u>, 508 U.S. 106, 111-112 (1993). In the instant case, plaintiff Brenda Leibenguth failed to file a notice of claim on behalf of herself, and therefore, I find that she has failed to exhaust her administrative remedies and as a result, lacks standing to maintain an action under the Tort Claims Act. Although plaintiffs argue that Brenda Leibenguth actually wrote the claim filed on behalf of her husband, and that it could be inferred from that claim that she also raised claims under the act, I find that because Brenda Leibenguth did not specifically make any claim for damages on her own behalf, she is precluded from alleging claims under the Tort Claims Act in this case.

Orson Leibenguth claims that the defendants' delay in providing him with the medical documents he requested caused him to suffer severe emotional distress. To state a claim for the intentional infliction of emotional distress, a plaintiff must allege that the defendant engaged in "(1) extreme and outrageous conduct; (2) [with] intent to cause, or reckless disregard of a substantial probability

of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir.1999). The conduct complained of must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Fischer v. Maloney, 43 N.Y.2d 553, 558 (1978). Ordinarily, whether the challenged conduct is sufficiently outrageous will be determined as a matter of law. Nevin v. Citibank, 107 F.Supp.2d 333, 345-46 (S.D.N.Y. 2000)(citing Howell v. New York Post Company, Inc., 81 N.Y.2d 115, 121 (1993).

In the instant case, plaintiff has failed to establish that the defendant engaged in any outrageous conduct: i.e. conduct that goes beyond the bounds of human decency. According to the Amended Complaint, plaintiff contends that he sought the release of his medical records in November, 2004, and that he did not receive them until July, 2005, shortly after his administrative hearing. While the Court does not condone the delay, it can not be said under any objective measure that the VA's conduct was beyond the bounds of decency. Accordingly, I grant defendants' motion to dismiss plaintiff's cause of action for intentional infliction of emotional distress.

Leibenguth alleges that the defendant negligently inflicted emotional distress upon him. "Under New York law, a plaintiff may

recover for negligent infliction of emotional distress under one of two theories: (1) the 'bystander theory' or (2) the 'direct duty theory.'" Higgins v. Metro-north Railroad Company 2001 WL 503003 (S.D.N.Y., May 11, 2001)(citing United States ex rel. Ben-Shlush v. St. Luke's-Roosevelt Hosp.,, 200 WL 269895 at *4 (S.D.N.Y. Mar. 10, 2000) (additional citations omitted). Under the "bystander" theory, plaintiff must allege that she witnessed the death or serious bodily injury of a member of her immediate family. Mortise v. United States, 102 F.3d 693 (2d Cir.1996). There are no allegations in the complaint that Leibenguth witnessed anyone's death or serious bodily injury. Moreover, plaintiff can not make out a claim under the "direct duty" theory, as such a claim requires evidence that plaintiff suffered an emotional injury as a result of defendant's breach of a duty "which unreasonably endangered her own physical safety, . . . or caused her to fear for her physical safety." Wahlstrom v. Metro-north Commuter Railroad Company, 89 F.Supp.2d. 506, 530 (S.D.N.Y., 2000)(citations omitted). Plaintiff has not identified the breach of a specific duty owed by the defendant to him that endangered his physical safety or caused him to fear for his safety. See Mortise, 102 F.3d at 693 (duty alleged "must be specific to the plaintiff, and not some amorphous, free-floating duty to society"). Because plaintiff has failed to establish a claim for negligent infliction of emotional distress, I grant defendant's motion to dismiss this claim with prejudice.

## CONCLUSION

For the reasons set forth above, I grant defendants' motion to dismiss plaintiffs' Amended Complaint with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                          s/Michael A. Telesca
                                            MICHAEL A. TELESCA
                                    United States District Judge

Dated: Rochester, New York
        September 29, 2009